Department of Veterans Affairs
Office of the Inspector General

CUSTOMER'S MOTION TO CHALLENGE GOVERNMENT'S
ACCESS TO FINANCIAL RECORDS

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH RONZIO,** ) <br> *Movant,* ) <br> ) <br> v. ) <br> ) <br> **United States Department of** ) <br> **Veterans Affairs,** ) <br> *Respondent.* ) <br> ) | Misc. No. _____ <br><br> MOTION FOR ORDER PURSUANT <br> TO CUSTOMER CHALLENGE <br> PROVISIONS OF THE RIGHT TO <br> FINANCIAL PRIVACY ACT OF 1978 |

I, Joseph Ronzio, hereby move this Court, pursuant to 12 U.S.C. §3410, the Right to Financial Privacy Act of 1978, for an order preventing the Government from obtaining access to my financial records. The agency seeking access is the Department of Veterans Affairs, Office of the Inspector General.

My financial records are held by USAA Federal Savings Bank.

In support of this motion, the Court is respectfully referred to my sworn statement filed with this motion.

Respectfully submitted,

*[signature]*

Joseph Ronzio
11183 Crest Lane
Bealeton, VA 22712

**Section 3410 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410**

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC § 552)

Department of Veterans Affairs
Office of the Inspector General

CUSTOMER'S SWORN STATEMENT
FOR FILING A CHALLENGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPH RONZIO,**<br>*Movant,*<br><br>v.<br><br>**United States Department of**<br>**Veterans Affairs,**<br>*Respondent.* | Misc. No. _____<br><br>**SWORN STATEMENT OF MOVANT** |

**I, Joseph Ronzio, am presently a customer of USAA Federal Savings Bank, and I am the customer whose records are being requested by the Government.**

**The financial records sought by the Department of Veterans Affairs, Office of the Inspector General (VA OIG) are not relevant to any legitimate law enforcement inquiry.**

First, the subpoena requires the production of all financial records at USAA Federal Savings Bank for the period January 1, 2016 to the present. *See* Exhibit 1. The financial records sought are not relevant to any legitimate law enforcement inquiry by the VA OIG because it is my understanding that the investigation into an alleged conflict of interest stemming from my employment with the Veterans Administration is administrative in nature only, and therefore, not a law enforcement inquiry. The allegation involves the award in October 2016 by the VA of a Cooperative Research and Development Agreement (CRADA) to a private company, Flow Health Inc. The CRADA did not allow for any payment to Flow Health, it was solely for cooperative consultation and research. The CRADA, and my role as Principal Investigator, was extensively reviewed and approved within the VA hierarchy, including by Dr. Paul Tibbitts, Deputy CIO for Architecture, Strategy, and Design. The CRADA was cancelled in December 2016 before any work was undertaken by Flow Health or the VA.

Second, on information and belief, corporate records relating to payments from Flow Health to me have already been requested directly from Flow Health by the OIG and the OIG was advised that no responsive records exist, as no payments were made to me.

Section 3410 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC § 552)

Third, the CRADA was awarded in October 2016 and cancelled in December 2016, a two-month timeframe. Yet, the subpoena seeks financial records from January 2016 to the present, a 28-month timeframe, including more than 16 months after the CRADA was officially terminated by the VA. There are absolutely no facts the VA can assert which would support access to personal financial information, including cash and credit transactions after the CRADA was terminated. The government's attempt to do so is merely a fishing expedition which clearly violates 12 USC § 3410. Given the time period requested, the subpoena is unduly burdensome, and the information sought is not reasonably relevant to the purported investigation.

Fourth, assuming the Court finds that an administrative inquiry is a legitimate law enforcement inquiry, the financial records sought are not relevant for the reasons set forth above. After more than a year of investigation, the OIG does not have any factual basis for any assertion that I have now, or have had at any time during the period at issue in the subpoena, a financial relationship with Flow Health. Having exhausted all grounds of inquiry, and finding no evidence to support the allegations of conflict of interest that were relied upon by the Agency to terminate the CRADA, the OIG now seeks to conduct a highly intrusive search of my confidential and personal financial information, notwithstanding that there is no evidence of any alleged conflict of interest. Absent some factual basis that the records sought might contain evidence relevant to the investigation, the subpoena violates my rights under 12 USC § 3410 and the subpoena must be quashed.

**or should not be disclosed because there has not been substantial compliance with the Right to Financial Privacy Act of 1978 in that:**

The records sought include all accounts at USAA. As a member of the military reserves, all of the accounts maintained at USAA by me, my wife, and my minor children, must be in my name also, as the military service member. The accounts sought in the subpoena include accounts held by my children and my wife. The government has failed to provide the requisite notice to any of these individuals or provide them with the opportunity to object, as required by law. *See* Exhibit 1. In addition, there is no factual basis that would provide the VA with a basis to conduct such an intrusive search of confidential information belonging to either my wife or my minor children. Accordingly, the subpoena is unduly burdensome, and not reasonably relevant to the OIG's purported investigation, and the subpoena must be quashed.

**or should not be disclosed on the following other legal basis:**

A government subpoena seeking personal financial records violates my rights under the Fourth and Fifth Amendments.

**Section 3410 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410**

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC § 552)

VA OIG CI Form 0205-3 06/17                                                                                           2269683.1

**Pursuant to 12 U.S.C. § 3410, I declare under penalty of perjury that the foregoing is true and correct.**

_11 April 2018_  
**Date**

_[signature]_  
**Signature of Movant**

**Section 3410 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410**

FOR OFFICIAL USE ONLY  
(Public Availability to be Determined Under 5 USC § 552)

VA OIG CI Form 0205-3 06/17                                              2269683.1

# EXHIBIT 1



# Department of Veterans Affairs
# Office of Inspector General

Administrative Investigations Div.
810 Vermont Avenue, NW
Washington, DC 20420

Customer Notice        2017-01980-IQ-0099

April 3, 2018

Dear **Joseph L. Ronzio,**

Bank records or information concerning your transactions held by the financial institution named in the enclosed subpoena, are being sought by the DEPARTMENT OF VETERANS AFFAIRS, OFFICE OF INSPECTOR GENERAL, in accordance with the Right to Financial Privacy Act of 1978, 12 U.S.C. 3401-3422, for the following purposes:

**For official investigative purposes -- alleged conflict of interest.**

If you desire that such records or information not be made available, you must:

(1) Complete the accompanying motion paper and sworn statement (as indicated by the instructions beneath each blank space) or write one of your own, stating that you are the customer whose records are being requested by the Government, and either giving the reasons you believe that the records are not relevant to the legitimate law enforcement inquiry stated in this notice or any other legal basis for objecting to the release of the records.

(2) File the motion and sworn statement by mailing or delivering them to the Clerk of any one of the following United States District Courts (in some cases, there will be only one appropriate court):

U.S. District Courthouse

**For the District of Columbia
333 Constitution Avenue, NW
Washington, DC 20001**

(It would simplify the proceeding if you would include with your motion and sworn statement a copy of the attached subpoena, as well as a copy of this notice.)

(3) Serve the Government authority requesting the records by mailing (registered or certified) or by delivering a copy of your motion and sworn statement to:

For registered or certified mail:

**Investigator Charles Millard
Department of Veterans Affairs
Office of Inspector General**

810 Vermont Avenue, NW
(51Q)
Washington, DC 20420

In person or by express mail:

**Investigator Charles Millard
Department of Veterans Affairs
Office of Inspector General**

810 Vermont Avenue, NW
(51Q)
Washington, DC 20420

Telephone # 202-461-4505

(4) Be prepared to come to court and present your position in further detail.

(5) You do not need to have a lawyer, although you may wish to employ one to represent you and protect your rights.

If you do not follow the above procedures, upon the expiration of ten days from the date of service or fourteen days from the date of mailing of this notice, the records or information requested therein may be made available. These records may be transferred to other Government authorities for legitimate law enforcement inquiries, in which event you will be notified after the transfer.

Sincerely,

*[signature]*

Linda Fournier

Director, Administrative Investigations Division

Enclosures:   Subpoena
              Customer Motion to Challenge
              Sworn Statement Form
              Instructions Sheet
              Certificate of Service
              Statement of Customer Rights

2



# Department of Veterans Affairs
# Office of Inspector General

## INSTRUCTIONS FOR COMPLETING AND FILING THE ATTACHED MOTION AND SWORN STATEMENT

1. Except where signatures are required, the indicated information should be either typed or printed legibly in ink in the spaces provided on the attached motion and sworn statement forms. The information required for each space is described in parentheses under each space to be completed.

2. The most important part of your challenge application is the space on the "sworn statement" form, where you must state your reasons for believing that the financial records sought are not relevant to the legitimate law enforcement inquiry stated in the attached notice. You may also challenge the Government's access to the financial records if there has not been substantial compliance with the Right to Financial Privacy Act, or for any other reasons allowed under the law. You should state the facts that are the basis for your challenge as specifically as you can.

3. To file your challenge with the Court, either mail or deliver the original and proper number of copies, as well as any required filing fee, to the "clerk" of the court. The filing fee can be paid with cash, certified check or money order. You are required to check with the clerk of the court for the district in which you intend to file to ascertain the correct filing fee and correct number of copies required for filing, as well as, to ascertain any other local rules of court that may exist.

4. One copy of your challenge papers (motion and sworn statement) must be delivered or mailed (by registered or certified mail) to the Government official whose name appears on the Customer Notice.

5. If you have further questions, contact the Government official whose name and telephone number appears on the Customer Notice.



# Department of Veterans Affairs
# Office of Inspector General

## STATEMENT OF CUSTOMER RIGHTS UNDER THE
## RIGHT TO FINANCIAL PRIVACY ACT OF 1978

Federal law protects the privacy of your financial records. Before banks, savings and loan associations, credit unions, credit card issuers or other financial institutions may give financial information about you to a Federal agency, certain procedures must be followed.

### Consent to Financial Records

You may be asked to consent to make your financial records available to the Government. You may withhold your consent, and your consent is not required as a condition of doing business with any financial institution. If you give your consent, it can be revoked in writing at any time before your records are disclosed. Furthermore, any consent you give is effective for only three months, and your financial institution must keep a record of the instances in which it discloses your financial information.

### Without Your Consent

Without your consent, a Federal agency that wants to see your financial records may do so ordinarily only be means of a lawful subpoena, summons, formal written request, or search warrant for that purpose.

Generally, the Federal agency must give you advance notice of its request for your records explaining why the information is being sought and telling you how to object in court. The Federal agency must also send you copies of court documents to be prepared by you with instructions for filling them out. While these procedures will be kept as simple as possible, you may want to consult with an attorney before making a challenge to a Federal agency's request.

### Exceptions

In some circumstances, a Federal agency may obtain financial information about you without advance notice or your consent. In most of these cases, the Federal agency will be required to go to court to get permission to obtain your records without giving you notice beforehand. In these instances, the court will make the Government show that its investigation and request for your records are proper.

When the reason for the delay of notice no longer exists, you will usually be notified that your records were obtained.

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC 552)

VA OIG CI Form D205-14
08/08

## Transfer of Information

Generally, a Federal agency which obtains your financial records is prohibited from transferring them to another Federal agency unless it certifies in writing that the transfer is proper and sends a notice to you that your records have been sent to another agency.

## Penalties

If a Federal agency or financial institution violates the Right to Financial Privacy Act, you may sue for damages or to seek compliance with the law. If you win, you may be repaid your attorney's fees and costs.

## Additional Information

If you have any questions about your rights under this law, or about how to consent to release your financial records, please call the official whose name and telephone number appear below:

**Charles Millard**

**202-461-4505**

2



# Department of Veterans Affairs
## Office of Inspector General

# SUBPOENA

**TO:** USAA Federal Savings Bank
Attn: Custodian of Records
10750 McDermott Freeway
San Antonio, TX 78288

## YOU ARE HEREBY COMMANDED TO APPEAR BEFORE

Linda Fournier, Director, Administrative Investigations Division, or her designee, an official of the U.S. Department of Veterans Affairs Office of Inspector General, at 801 I (Eye) Street, NW, in the city of Washington, District of Columbia, on April 27, 2018, at 1:00 p.m., of that day, and you are required to bring with you and produce at said time and place the following information, documents, reports, answers, records, accounts, papers and other data and documentary evidence pertaining to:

**See Appendix to this Subpoena.**

This information is necessary in the performance of the responsibility of the Inspector General under the Inspector General Act of 1978, 5 U.S.C. App. 3. The Inspector General is authorized to conduct and supervise audits and investigations for the detection and prevention of fraud and abuse in, and the promotion of economy, efficiency, and effectiveness in the administration of the programs and operations of the **DEPARTMENT OF VETERANS AFFAIRS**.

**IN TESTIMONY WHEREOF, the signature of the Director, Administrative Investigations Division, of said DEPARTMENT OF VETERANS AFFAIRS Office of Inspector General, has hereunto set her hand at Washington, District of Columbia, this 3rd day of April 2018.**

_[signature]_
Linda Fournier

## APPENDIX
## VA/OIG File No. 2017-01980-IQ-0099

Subpoena addressed to: USAA Federal Savings Bank

As used in this subpoena, the term "records" has the following meaning: Documents; email; reports; forms; applications; statements; answers; records; accounts; papers; notes; ledgers; journals; receipts; invoices; vouchers; contracts; agreements; appointment books; calendars; diaries; charts; plans; sketches; drawings; maps; graphs and other graphic representations; letters; memoranda; minutes of meetings; notebooks; filings; resolutions; telegrams; opinions or reports of consultants; stenographic notes; tapes, summaries, transcripts or any other records of telephone conversations, personal conversations, interviews, meetings, conferences, investigations, negotiations, hearings or other proceedings; photographs; audio or video tapes; advertisements; brochures; circulars; pamphlets; data contained in any database including computer databases; and all other information whether written, printed, recorded, produced, reproduced, or stored on any mechanical, magnetic, or other process of medium including the original and all copies, if different or annotated in any way, in the possession and/or control of the person or entity named as the recipient of this subpoena wherever said items are physically located.

The term "records" also includes, but is not limited to, any emails, messages, or texts forwarded to or from the recipient of this subpoena or drafts thereof, regardless of the origin of the information contained therein. For purposes of this subpoena, the recipient shall be considered to be in the possession and/or control of any and all email accounts utilized by the recipient. This shall include, but not be limited to, the email accounts' received mail, sent mail, deleted mail, trash folder, and draft folders, regardless of the nomenclature used.

**Records to be produced**

Time Period: January 1, 2016, to the present:

1.   For any and all accounts held by Joseph L. Ronzio, REDACTED        , provide the following records:

   (a) Application and signature card form(s);

   (b) Copy of any and all identification documents used by account holder(s) to open the account, i.e. driver's license, social security card, etc.

   (c) Account Statements

## APPENDIX
## VA/OIG File No. 2017-01980-IQ-0099

Subpoena addressed to: USAA Federal Savings Bank

(d) Records identifying the source of all deposits to account(s);

(e) Wire transfers of funds to and from the account(s);

(f) Bank drafts (EFT for various bills and/or debts);

(g) Cash withdrawals;

(h) Currency transaction reports (IRS form 4789), regardless of date.

### Instructions for Production of Records

Fully legible and complete copies of the records called for by the subpoena will be accepted provided that the original records will be made available to the Inspector General, upon request, during normal business hours. At the time the records are produced, you will be asked to execute the enclosed "Affidavit of Compliance."

In lieu of a personal appearance, responsive records accompanied by a fully executed Affidavit of Compliance with Subpoena form will be accepted. It is preferred that records be made accessible via a secure file share drive in Microsoft Word, Microsoft Excel or Portable Document Format (PDF) format; otherwise, the records may be saved to CD/DVD media or provided in hard-copy.

**For records provided via secure file share drive:**
Set up access with username – charles.millard@va.gov

**For records provided via U.S. Postal Service, mail to:**
Department of Veterans Affairs
Office of Inspector General (51Q)
Attn: Charles Millard
P.O. Box 50890
Washington, DC 20091

**For records provided via UPS or FedEx, deliver to:**
Department of Veterans Affairs
Office of Inspector General (51Q)

VA OFFICE OF INSPECTOR GENERAL
3

## APPENDIX
VA/OIG File No. 2017-01980-IQ-0099

Subpoena addressed to: USAA Federal Savings Bank

Attn: Charles Millard
810 Vermont Avenue, NW
Washington, DC 20420

If you have any questions or need to make alternate arrangements for production of records, contact Investigator Charles Millard at (202) 461-4505 or by email at charles.millard@va.gov.

Department of Veterans Affairs
Office of the Inspector General

CERTIFICATE OF SERVICE

I have mailed or delivered a copy of this motion and the attached sworn statement to Charles Millard on April __, 2018 at the following address:

Department of Veterans Affairs
Office of the Inspector General
810 Vermont Avenue, NW (51Q)
Washington, DC 20420
charles.millard@va.gov

_____
Signature of Movant

**Section 3410 of the Right to Financial Privacy Act of 1978, 12 U.S.C. § 3410**

FOR OFFICIAL USE ONLY
(Public Availability to be Determined Under 5 USC § 552)

VA OIG CI Form 0205-3 06/17                                                                2269683.1